```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION

IN THE MATTER OF THE COMPLAINT  §
OF GALVESTON BAY ENERGY, LLC,   §
OWNER OF THE M/V RHEA, FOR      §   CASE NO. 4:15-cv-0332
EXONERATION FROM OR LIMITATION  §
OF LIABILITY                    §      ADMIRALTY
```

## OPINION AND ORDER

Pending before the Court in the above referenced limitation of liability action is Claimant Paul Blasingame's motion to lift limitation stay (instrument #21) so that he can proceed with his state court personal injury action under the Jones Act and general maritime law against his employer under the saving-to-suitors provision, 28 U.S.C. § 1333(1), to recover for injuries allegedly suffered when he worked onboard the M/V Rhea, which is owned by Petitioner Galveston Bay Energy, LLC ("GBE"). Blasingame is the sole claimant in this action. Petitioners "GBE" and Hydrocarb Energy Corporation f/k/a Duma Energy Corp. have not filed a response, so the Court deems the motion as unopposed under Local Rule 7.4.

At the time this suit was filed, United States Magistrate Frances Stacy granted the shipowner's amended *ex parte* motion (#16) and stayed state court proceedings (#17) while Petitioners determined whether there were any other claimants. Blasingame, now the only claimant, currently seeks to lift the limitation stay on the grounds that he has met the requirements for such relief by

-1-

filing appropriate stipulations as set out by the Fifth Circuit in *In re Tetra Applied Technologies, L.P.*, 362 F.3d 338 (5th Cir. 2004) to protect the shipowner's rights under the Limitation of Liability Act.

Whether a stipulation filed by claimants in a limitation of liability proceeding adequately protects a vessel owner's rights is a question of law for the court to resolve. *In re Tidewater, Inc.*, 249 F.3d 342, 345 (5th Cir. 2001).

The Limitation Act, 46 U.S.C. App. § 30505(a), formerly 46 U.S.C. App. 183(a), provides,

> Except as provided in section 30506 of this title, the liability of the owner of a vessel for any claim, debt or liability described in subsection (b) shall not exceed the value of the vessel and pending freight. . . .[1]

Limitation of liability suits by ship owners must be brought exclusively in federal courts, and those courts may stay all other proceedings while suit is pending in them. *Tidewater*, 249 F.3d at 345. On the other hand, the "saving to suitors" clause in the Judiciary Act of 1789, 28 U.S.C. § 1333(1), which allows a claimant to seek common law remedies against a vessel owner in state court, provides, "The district courts shall have original jurisdiction, exclusive of the courts of the States of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases

---

[1] Supplemental Admiralty and Maritime Claims Rule F, which governs the procedure for a limitation action, provides that "a complaint may demand exoneration from as well a limitation of liability." Fed. R. Civ. P. Supp. R. F(2).

all other remedies to which they are otherwise entitled." *Id.* (noting that "a recurring and inherent conflict" exists between the two); *Tetra*, 362 F.3d at 340 ("Tension exists between the saving to suitors clause and the Limitation Act because the former affords suitors a choice of remedies, while the latter gives shipowners the right to seek limitation of their liability exclusively in federal court."), *citing Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438,448 (2001). The Fifth Circuit has held that "'claims may proceed outside the limitation action (1) if they total less than the value of the vessel, or (2) if the claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been heard by the federal court.'" *Tetra*,362 f3d 341, *quoting Odeco Oil & Gas C. v. Bonnette*, 4 F.3d 401, 404 (5th Cir. 1993). Furthermore even though the shipowner may also seek exoneration in the limitations action (see footnote 1), because the Limitation Act does not expressly give the shipowner a right to exoneration and because Rule F uses the permissive in stating that "the complaint *may* demand exoneration as well as limitation of liability," claimants need not file an exoneration stipulation to be granted the right to proceed in their state court suits. *Id., citing Tidewater*, 249 F.3d at 346-49. Finally, the Fifth Circuit has opined that where there is only one claimant that sued the shipowner in state court,

as is the case here, and the shipowner files a limitation action in federal court, "the federal court must allow the claimant's action to proceed in state court while retaining jurisdiction over the limitation of liability action."  *Id.* at 340, *citing Langnes v. Green*, 282 U.S. 531, 541-43 (1931).

Blasingame attaches to his motion to lift limitation stay three notarized stipulations (#21-2) that satisfy the requirements for the Court to vacate the injunction on his state court proceeding: (1) "that this Court has exclusive jurisdiction to determine all issues relating to Petitioner's entitlement to limitation of liability such that [GBE] is entitled to have all issues related to its entitlement to limitation of liability . . . decided by this Court"; (2) "that he will not seek to finally litigate the issues concerning Petitioner's entitlement to limitation of liability . . . in any state or United States District Court other than this Court and consequently agrees to waive the right to assert a claim of *res judicata* relative to" this entitlement'; and (3) "that he will not seek to execute on any state or United States District Court judgment or recovery rendered in his favor against Petitioner to the extent that said judgment or recovery is in excess of the value of the limitation fund as approved by the Court pending adjudication of the complaint of limitation of liability [by] this Court."

Because the Court finds that the shipowner's rights are

adequately protected by these stipulations, the Court

ORDERS that the motion to lift limitation (#21) is GRANTED and its previous order restraining prosecution of claims (#17) is VACATED.

**SIGNED** at Houston, Texas, this  10th  day of  June , 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE